IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  24-CR-108-JLS

HENRY FORD,

Defendant.



## PLEA AGREEMENT

The defendant, **HENRY FORD**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. that the defendant knowingly possessed a firearm and ammunition, as charged in the Information;

   b. that at the time the defendant possessed the firearm and/or ammunition, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

   c. that at the time the defendant possessed the firearm and/or ammunition, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and,

   d. that the possession of the firearm and/or ammunition was in or affecting interstate or foreign commerce.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On April 4, 2024, law enforcement officers obtained a search warrant, authorizing the search and seizure of evidence from 113 Erb Street, Buffalo, NY 14215, and the defendant FORD's person. Upon arrival, FORD was located sitting in the driver's seat of an SUV which was idling across the street from 113 Erb Street.

b. Pursuant to the search warrant, law enforcement officers removed FORD from the vehicle and placed him in custody. During a search of FORD's person, officers located a Ruger, model LCP, 380 caliber handgun in FORD's right pocket. The handgun was loaded with 6 rounds of ammunition and bore serial number 371627103. A law enforcement query indicates that the Ruger was reported stolen from Georgia in September 2019.

c. During a search of the residence, law enforcement officers also located a Radical Firearms, model RF-15, 5.56 caliber rifle on the bed in a front bedroom. The rifle was in a soft case that also contained a box of 2.23 ammunition. The rifle bore serial number RD 26350. A query of the rifle indicates it was stolen from a vehicle within the city of Buffalo on or about March 26, 2024.

d. Law enforcement officers conducted an interstate nexus check which revealed that both of the above-mentioned firearms were manufactured outside of New York State, and that both would have travelled in, and affected, interstate commerce prior to being recovered in New York State.

f. A review of FORD's criminal history indicates that on or about October 15, 2008, FORD was convicted in County Court, Erie County, New York, for the crime of Robbery in the first degree, a class B felony, a crime punishable by more than one year in prison. FORD was sentenced to eighteen years in prison, to be followed by five years of posts release supervision. FORD admits that he was aware of this felony conviction prior to his possession of the firearms and ammunition.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

6. Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 922(g)(1).

3

## BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines § 2K2.1(a)(4)(A) applies to the offense of conviction and provides for a base offense level of **20.**

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENT

8. The government and the defendant agree that the following specific offense characteristic does apply:

   a. the two-level (2) increase pursuant to Guidelines § 2K2.1(b)(4)(A) (stolen).

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offenses of conviction is **22.**

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **19.**

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is **III**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the

defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of **19** and criminal history category of **III**, the defendant's sentencing range would be a term of imprisonment of **37 to 46 months**, a fine of **$10,000 to $100,000**, and a period of supervised release of up to **1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14. The defendant understands the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

16. The government agrees not to object to the defense request that the defendant's sentence be imposed to run concurrent to any a parole violation filed in Erie County Court, Case #01080-2007, based on the conduct set forth in ¶¶ 4(a) through 4(f). The defendant understands that the Court is not bound to run this sentence concurrent to any other sentence and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

17. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea[s] or vacating of the conviction[s] becomes final.

## V. REMOVAL

18. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the Untied States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

19. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20. At sentencing, the government will move to dismiss the open counts of the Criminal Complaint pending against the defendant under Magistrate's No. 24-mj-1081.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of **30 to 37 months**, a fine of $10,000 to $95,000 and supervised release of up to 3 years, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of **30 to 37 months**, a fine of $10,000 to $95,000 and supervised release of up to 3 years notwithstanding the manner in which the Court determines the sentence. However,

in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

25. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and ammunition described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes the following seized by law enforcement:

   a. one (1) Ruger handgun, model LCP, .380 caliber handgun bearing serial number 371627103, with six (6) rounds of ammunition;
   b. one (1) Radical firearms, model RF-15, 5.56 caliber rifle bearing serial number RD 26350; and
   c. one (1) box containing rounds of .223 ammunition.

26. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant hereby waives any right to notice of

such Preliminary Order of Forfeiture). The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any of the property forfeited hereunder, including notice set forth in an indictment, information or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

27. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

28. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

29. The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

30. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearms and ammunition survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

31. The defendant agrees that for any reason, in any pleadings before the Court or any order of the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical or technical error, the defendant will consent

and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones, computers and electronic equipment seized by law enforcement in this case.

### IX. CIVIL ACTION

32. Defendant waives and agrees not to assert in any civil lawsuit arising from the conduct which gave rise to the criminal charges that are the subject of this plea any defense based on the double jeopardy or excessive fines clauses of the Constitution.

### X. TOTAL AGREEMENT AND AFFIRMATIONS

33. This plea agreement represents the total agreement between the defendant, **Henry Ford**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: *Donna Duncan*
DONNA M. DUNCAN
Assistant United States Attorney

Dated: October 22, 2024

I have read this agreement, which consists of pages 1 through 13. I have had a full opportunity to discuss this agreement with my attorney, Frank Passfiume, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
HENRY FORD
Defendant

Dated: October 22, 2024

_____
FRANK PASSAFIUME, ESQ.
Attorney for the Defendant

Dated: October 22, 2024